STATE OF VERMONT

ENVIRONMENTAL COURT

```
                              }
Appeal of Andrew and Maria Churchill     }          Docket No. 222-12-04 Vtec
      and Carroll Lawrence                }
                              }
```

Decision and Order on Cross-Motions for Summary Judgment

Appellants Andrew and Marie Churchill and Carroll Lawrence appealed from a decision of the Zoning Board of Adjustment (ZBA) of the Town of Wolcott, upholding the Zoning Administrator's (Administrative Officer's) denial of zoning permits for the construction of a two-family residential structure on each of two lots within an approved subdivision. Appellants are represented by Paul Gillies, Esq.; the Town is represented by Alan Thorndike, Esq.

The parties have moved for summary judgment on all three issues raised by the Statement of Questions: whether the original subdivision permit limits the use of lots in the subdivision to single-family residences; whether zoning permits should issue for the construction of a duplex on each of Lots 2 and 3 of the subdivision; and whether the Zoning Administrator has authority to deny a zoning permit application based on a condition in a state ANR Wastewater System and Potable Water Supply Permit.

The following facts are undisputed unless otherwise noted.  Appellant Carroll Lawrence owns Lots 2 and 3 in a subdivision he developed on Richard Wollcutt Road, in the General zoning district, in which both single-family  and two-family residential structures are permitted uses.  §2.01(1)(a) of the Zoning Regulations.

In early September of 2004, Appellants Andrew and Marie Churchill applied with Appellant Churchill for zoning permits to construct a two-family residential structure (duplex) on each of these two lots.  Both lots meet the dimensional requirements of § 2.01(1)(a): they are each greater than an acre in size, have the required frontage on a public highway (Lot 2) or are served by an approved right-of-way (Lot 3), and the Town does not contest that they meet the required setbacks to property lines.  The Administrative Officer denied the zoning permit applications for both lots, stating in the 'reasons for the denial§ section on the face of the permit application that "Subdivision Permit 1187S specified single family dwellings on lots;" it is the ZBA's December 2004 decision to uphold that denial that is at issue in this appeal.

At its March 12, 2003 meeting, the Planning Commission had approved Appellant Carroll Lawrence's six-lot subdivision of a 23-acre parcel of land, consisting of five one-acre lots, and sixth parcel of nineteen acres retained by Appellant Lawrence.  The approval of the subdivision and issuance of Permit 1187[S], as shown on the face of the application in the box 'for use of office staff' and signed by the Zoning Administrator,

incorporates findings and conditions found in the application itself and in the minutes of the Planning Commission§s March 12, 2003 hearing.  The minutes refer to a two-page site plan prepared by J.H. Stuart Associates dated January 2003.  A portion of an unidentified photocopied site plan of the subdivision[1], plus two photocopied pages of an earlier survey by Gove, are attached to the one-page subdivision permit submitted as Exhibit 1 in Appellants§ motion for summary judgment and agreed by the Town at page 3 of its response to that motion.

The Planning Commission approved the subdivision as shown in the January 2003 plan, with two conditions unrelated to the present appeal: to "prohibit any development within the wetlands and within a buffer of 50 feet from the designated wetlands," and to "require that the covenants received 03-12-03 from Carroll Lawrence be a part of each deed for each property in the subdivision."  These covenants were attached to Appellants§ applications for the duplexes, and do not themselves require that any houses be single-family.

In early May of 2003, Appellant Lawrence also obtained a Wastewater System and Potable Water Supply Permit from the Agency of Natural Resources (the state ANR permit) for the six-lot subdivision.  It requires completion of the project as described on three drawings or plans (listed in paragraph 1.1 of the state ANR permit) prepared by John Stuart, P.E. as dated or revised in April of 2003, and stamped as "approved" by the

Wastewater Management Division of the ANR.  Drawing 1 is described as the proposed residential subdivision plan, drawing 1A is described as the proposed residential site plan, and drawing 2 is described as the wastewater system details, but the three drawings are not attached to the copy of the state ANR permit provided by the parties in connection with their motions in the present proceeding.

After approval of the subdivision and of the state ANR permit, Appellants had a survey prepared by land surveyor David J. Peatman, dated May 29, 2003.  The Town agreed with Appellants§ reference (in paragraph 7 of Appellants§ Statement of Material Facts) to that survey (Exhibit 5) as the subdivision plat.  That survey states that it is based on a field survey, research in the land records, the Gove survey, and an unspecified "site plan by John H. Stuart, P.E."  The survey shows the lot boundaries, the proposed house sites and driveways, the leach fields, sewer line easements, water wells, and wellhead protection zones, and shows the wetland boundary on Lot 5.

The survey includes the notation: "DESIGN CRITERIA (EACH LOT) 3 BR§s [bedrooms] x 150 GPD/BR [gallons per day per bedroom] ' 420 GALS/DAY."  We will assume for the purposes of the following analysis that the same notation appeared on the January 2003 John H. Stuart site plan as presented to the Planning Commission on March 12, 2003, and that such a notation contains the "data on septic design" referred to in paragraph 9 of Appellants§ Statement of Material Facts.  Because the state ANR permit

was issued two months <u>later</u> than the town subdivision permit, only the septic design criteria shown on the January 2003 plans, and not the state ANR permit itself, could have been incorporated into the town subdivision permit.

Nothing in the Zoning or Subdivision Regulations requires an applicant to obtain or to comply with all required state permits as a prerequisite to obtaining a zoning permit for a permitted use. A Planning Commission could condition the issuance of a residential subdivision permit on obtaining and complying with all required state permits as a prerequisite to obtaining a zoning permit for each residential structure in that subdivision, but such a condition was not imposed in the present case. A Planning Commission could find that the land proposed for a residential subdivision could support no more than a single-family dwelling on each lot, but such a condition was not imposed in the present case. Nothing in Subdivision Permit 1875[S] requires that the residences on the lots be single-family residences rather than duplexes. Other than the two conditions regarding the wetlands boundary and the subdivision§s covenants specified in the Planning Commission§s minutes, all that is required by Subdivision Permit 1875[S] it that the subdivision comply with the January 2003 John H. Stuart plans. Subject to the parties§ verification required in the final paragraph of this decision, those plans only specify the location of the building site and that each lot§s building may not exceed three bedrooms.

Because the proposed duplexes represent one 1-bedroom and one 2-bedroom unit per lot, they appear to satisfy that requirement.

Of course, the proposed duplexes will require an application to and approval by the ANR of an amendment to the subdivision§s state ANR permit (under ¶1.3 of that permit). We make no ruling on whether or not such an amendment would be granted. Moreover, the proposed change to the house site location on Lot 2 may require amendment of Subdivision Permit 1875[S] from the Planning Commission as to Lot 2. We make no ruling on whether or not the change of house site location is significant enough to require such an amendment.

Accordingly, based on the foregoing, it is hereby ORDERED and ADJUDGED that Appellants§ Motion for Summary Judgment is GRANTED and the Town§s Motion for Summary Judgment is DENIED, in that the original Subdivision Permit 1875[S] does not limit the residential structure on each lot in the subdivision to a single-family residence (although it does limit each residential structure to a total of three bedrooms); that a zoning permit should issue for the construction of a duplex on Lot 3 of the subdivision; that a zoning permit should issue for the construction of a duplex on Lot 2 of the subdivision unless the change of house site on Lot 2 requires prior approval of an amendment of the subdivision permit by the Planning Commission; and that the Zoning

Administrator has no authority to deny a zoning permit application for a permitted use, based on a condition in a state ANR Wastewater System and Potable Water Supply Permit, unless that permit or its conditions have been incorporated by reference in the applicable town subdivision permit or unless the municipal regulations so provide.

This decision is made subject to the parties§ verification that the "design criteria" notation discussed above did appear on the January 2003 version of the John H. Stuart subdivision plan or site plan provided to the Planning Commission at the March 12, 2003 hearing and therefore forming the basis for the subdivision approval. The parties shall submit that verification or a copy of the documents themselves on or before March 10, 2005, at which point the Court will issue a judgment order. If the parties wish, they may submit a judgment order approved as to form by that same date.

Done at Berlin, Vermont, this 28th day of February, 2005.

_____
Merideth Wright
Environmental Judge

[1] We assume that the partial photocopy submitted to the Court is taken from the January 2003 John H. Stuart site plan referred to in the minutes of the March 12, 2003 Planning Commission meeting, but will require verification of that fact from the parties as discussed in the final paragraph of this decision.